```
BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JUAN MADRIGAL, et al.,<br><br>        Defendants. | No. 2:CR-09-401 FCD<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Court: Hon. Frank C. Damrell, Jr. |

Whereas, plaintiff United States of America, on the one hand, and defendant Juan Madrigal, aka Miguel Mejia Ayala and Jose Sanchez, and defendant Regino Bautista-Gonzalez, on the other hand, previously entered into a stipulation on October 14, 2009, that time from the date of that stipulation through, and including, the date of the anticipated status conference on December 3, 2009, before United States District Judge Morrison C. England shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 and T4; and

Whereas, on October 15, 2009, United States District Judge

Frank C. Damrell related this case to the criminal action No. CRS-02-519 FCD, reassigned the instant case from District Judge England to Judge Damrell, and vacated all dates previously set before District Judge England,

It is hereby stipulated and agreed by and between plaintiff United States of America, on the one hand, and defendant Juan Madrigal, aka Miguel Mejia Ayala and Jose Sanchez, and defendant Regino Bautista-Gonzalez, on the other hand, through their respective attorneys, that: (1) the Court should hold a status conference on March 1, 2010, at 10:00 a.m.; (2) time from the date of the parties' earlier stipulation, October 14, 2009, through, and including, December 3, 2009, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 and T4; and (3) time from the date of the parties' instant stipulation, December 14, 2009, through, and including, March 1, 2010, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 and T4.

The parties note that defendant Juan Madrigal is the same person charged as defendant Jose Sanchez in <u>United States v. Trinidad Chacon, et al.</u>, Case No. CRS-02-519 FCD, and, as stated earlier, District Judge Damrell related the instant case to that case on October 15, 2009.

In addition, in the instant case, the United States has produced substantial discovery to defense counsel in the instant

case and they will need time to review the discovery.  There have been interviews of both defendants conducted in the Spanish language and those interviews must be translated to the English language; and there is significant discovery to be reviewed by the attorneys and translated through an English/Spanish interpreter for Spanish-speaking only defendants.

    Furthermore, Gilbert Roque, Esq., counsel for Juan Madrigal has been assigned to represent his client in both the instant case and Case No. CRS 02-519 FCD.  In the latter case, there is additional significant discovery, including approximately 823 pages, five cassette tape recordings, two compact disks, and a videotape, that Mr. Roque will need to review in order to defend his client's interests.  In addition, Mr. Roque will need to review the transcript of approximately 1,304 pages in the trial of co-defendant Esequiel Quesada Garcia in Case No. CRS 02-519 FCD, to help him prepare his client's defense.  Again, there will be significant discovery to be reviewed and translated through an English/Spanish interpreter for Mr. Roque's Spanish-speaking client.  It is Mr. Roque's desire to attempt to resolve both cases as part of a comprehensive resolution, if possible. Consequently, it is Mr. Roque's belief that the unusual and complex nature of Case No. CRS-02-519 FCD spills over to the instant case and renders the instant case unusual and complex.

    Based on these facts, the parties stipulate and agree that the instant case is unusual and complex and it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in § 3161.  In addition, the parties stipulate and agree that the trial delay

1  and exclusion of time requested herein is necessary to provide
2  defense counsel reasonable time to prepare their respective
3  clients' defenses taking into account due diligence.

4  Dated:  December 14, 2009              /s/ Gilbert Roque
                                          _____
5                                         GILBERT ROQUE
                                          Attorney for Defendant
6                                         Juan Madrigal
                                          (per email authorization)
7

8  Dated:  December 14, 2009              /s/ Clemente Jimenez
                                          _____
9                                         CLEMENTE JIMENEZ
                                          Attorney for Defendant
10                                        Regino Bautista-Gonzalez
                                          (per telephone authorization)
11

12 Dated:  December 14, 2009              BENJAMIN B. WAGNER
                                          UNITED STATES ATTORNEY
13
                                                /s/ Samuel Wong
14                                        By:  _____
                                          SAMUEL WONG
15                                        Assistant U.S. Attorney

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' original stipulation, October 14, 2009, to and including December 3, 2009, as set forth in the parties original stipulation, plus the time period from the parties' instant stipulation December 14, 2009, to and including the date of the new status conference, March 1, 2010, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4

///

///

///

5

1 (reasonable time for defense counsel to prepare).  It is further
2 ordered that a status conference shall be held on March 1, 2010,
3 at 10:00 a.m.
4 Dated: December 16, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE