```
BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN MADRIGAL, et al.,<br><br>　　　　Defendants. | No. 2:09-CR-401 FCD<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Court: Hon. Frank C. Damrell, Jr. |

　　　It is hereby stipulated and agreed by and between plaintiff United States of America, on the one hand, and defendant Juan Madrigal, aka Miguel Mejia Ayala and Jose Sanchez, and defendant Regino Bautista-Gonzalez, on the other hand, through their respective attorneys, that: (1) the presently set July 19, 2010, status conference shall be continued to August 23, 2010, at 10:00 a.m.; and (2) time from the date of the parties' stipulation, July 15, 2010, through, and including, August 23, 2010, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2

(complex and unusual case) and T4 (reasonable time for defense counsel to prepare).

The parties note that defendant Juan Madrigal is the same person charged as defendant Jose Sanchez in <u>United States v. Trinidad Chacon, et al.</u>, Case No. 2:02-CR-519 FCD, and District Judge Damrell related the instant case to that case on October 15, 2009.

In addition, in the instant case, the United States has produced substantial discovery to defense counsel in the instant case and they will need time to review the discovery. There have been interviews of both defendants conducted in the Spanish language and those interviews must be translated to the English language; and there is significant discovery to be reviewed by the attorneys and translated through an English/Spanish interpreter for Spanish-speaking only defendants.

Furthermore, Gilbert Roque, Esq., counsel for Juan Madrigal has been assigned to represent his client in both the instant case and Case No. CRS 02-519 FCD. In the latter case, there is additional significant discovery, including approximately 823 pages, five cassette tape recordings, two compact disks, and a videotape, that Mr. Roque will need to review in order to defend his client's interests. In addition, Mr. Roque will need to review the transcript of approximately 1,304 pages in the trial of co-defendant Esequiel Quesada Garcia in Case No. CRS 02-519 FCD, to help him prepare his client's defense. Again, there will be significant discovery to be reviewed and translated through an English/Spanish interpreter for Mr. Roque's Spanish-speaking client. It is Mr. Roque's desire to attempt to resolve both

2

1  cases as part of a comprehensive resolution, if possible.
2  Consequently, it is Mr. Roque's belief that the unusual and
3  complex nature of Case No. 2:02-CR-519 FCD spills over to the
4  instant case and renders the instant case unusual and complex.
5       Finally, both defendants have requested that the United
6  States Probation Office prepare pre-plea presentence reports to
7  help defendants understand the possible ramifications from a
8  guilty plea.  It is the understanding of the parties that the
9  Probation Office will soon release the pre-plea presentence
10 reports to the respective parties.  However, respective counsel
11 for each defendant desires additional time to explain the pre-
12 plea presentence report to his client and the consequences of a
13 guilty plea.
14      Based on these facts, the parties stipulate and agree that
15 the instant case is unusual and complex and it is unreasonable to
16 expect adequate preparation for pretrial proceedings and trial
17 itself within the time limits established in § 3161.  In
18 addition, the parties stipulate and agree that the trial delay
19 and exclusion of time requested herein is necessary to provide
20 defense counsel reasonable time to prepare their respective
21 clients' defenses taking into account due diligence.

Dated:  July 15, 2010                /s/ Gilbert Roque
                                     _____
                                     GILBERT ROQUE
                                     Attorney for Defendant
                                     Juan Madrigal
                                     (per telephone authorization)

Dated:  July 15, 2010                /s/ Clemente Jimenez
                                     _____
                                     CLEMENTE JIMENEZ
                                     Attorney for Defendant
                                     Regino Bautista-Gonzalez
                                     (per email authorization)

```
Dated:   July 15, 2010              BENJAMIN B. WAGNER
                                    UNITED STATES ATTORNEY

                                          /s/ Samuel Wong
                                    By: _____
                                        SAMUEL WONG
                                        Assistant U.S. Attorney
```

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, July 15, 2010, to and including the new August 23, 2010, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to

1  prepare).  It is further ordered that a status conference shall
2  be held on August 23, 2010, at 10:00 a.m.

4  Dated: July 16, 2010

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE